IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOAQUIN SOLANO, on behalf of himself and similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| ZIECO CARRIERS OF INDIANA, INC. | ) ) | Magistrate Judge |
| Defendant | ) ) ) | |

**COMPLAINT**

Plaintiff Joaquin Solano, through his attorneys, against Defendant Zieco Carriers of Indiana, Inc., ("Zieco") states as follows:

## I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA") for 1) Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and IMWL, and 2) Defendant's practice of making unauthorized deductions from Plaintiff and similarly situated employees' wages. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, and the IWPCA Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because at least one of Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III. PARTIES

**Plaintiff**

4. Plaintiff resides in and is domiciled in the State of Illinois and within this judicial district.

5. At all relevant times, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IWPCA, 820 ILCS 105/2 and the IMWL, 820 ILCS 115/3(d)

**Defendant**

6. Within the relevant time period, Defendant Zieco:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has maintained offices and conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

e. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and as defined by the IWPCA, 820 ILCS 115/2.

## IV. FACTUAL BACKGROUND

7. Defendant operates a carrier business and among other activities provides trucks and drivers to deliver furniture and other goods for its clients including but not limited to "The Room Place."

8. Plaintiff and similarly situated employees worked for Defendant delivering furniture items to and from The Room Place warehouse located at 2501 Internationale Pkwy, Woodrdige, IL and the homes of clients of The Room Place.

9. Plaintiff was employed by Defendant from approximately September 2014 through approximately January 2016.

10. Plaintiff and other similarly situated employees were paid by Defendant on a piece rate basis.

11. During the course of their employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

12. Defendant failed to pay Plaintiff and similarly situated employees any premium for the hours they worked in excess of forty hours per week.

13. Defendant also had a practice of making miscellaneous deductions from Plaintiff's and similarly situated employees' wages including but not limited to instances when a customer was not satisfied with the product delivered.

14. The deductions referenced in paragraph 13 were not (a) required by law; (b) to the benefit of the employee; (c) in response to a valid wage assignment or wage deduction order; or

(d) made with the express written consent of the employee, given freely at the time the deduction is made.

15. Accordingly, the above referenced deductions violated the IWPCA.

16. Plaintiff also had an agreement with Defendant, as that term is defined by the IWPCA, to be paid at a piece rate for his time worked.

17. Plaintiff was not paid for any of his time worked on his last two weeks of work pursuant to the agreement between the Parties.

18. Defendant's failure to pay Plaintiff at the agreed upon rate for all time worked violated the IWPCA.

## V. CLASS ACTION ALLEGATIONS

19. Plaintiff will seek to certify his state law claims arising under the IMWL for Illinois-mandated overtime wages (Count II) and for unlawful deductions under the IWPCA (Count III) as a Rule 23 Class Action. Plaintiff will ask the Court to determine the rights of the parties pursuant to the IMWL and the IWPCA, and to direct the Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

20. Count II and III, are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

    a. the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed over sixty persons in Illinois during the IMWL and IWPCA, Class Periods;

    b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual

members. These common questions of law and fact include, without limitation:

(i) Whether Defendant failed to pay Plaintiff and the Class at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per individual work week during the IMWL class period;

(ii) Whether Defendant failed obtain proper written authorization for the deductions it made from Plaintiff's and similarly situated employees' wages at the time said deductions were made

c. The class representative and the members of the class have been equally affected by Defendant's failure to pay overtime wages and by Defendant's practice of making unauthorized deductions from its employees' wages;

d. Members of the class will be reluctant to bring forth claims for unpaid wages and unlawful deduction for fear of retaliation;

e. The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant and the Court.

21. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of himself and similarly situated employees*

22. Plaintiff incorporates and re-alleges paragraphs 1 through 21 as though set forth herein.

23. This Count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a work week, described more fully in paragraphs 10 - 12, *supra*.

24. Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

25. Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three years prior to filing this lawsuit

26. Plaintiff and similarly situated employees were not exempt from the overtime provisions of the FLSA.

27. Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

28. Defendant did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

29. Defendant's failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

30. Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA.

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class

C. Liquidated damages in the amount equal to the unpaid overtime wages;

    D.      Reasonable attorneys' fees and costs of this action as provided by the FLSA;

    E.      Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL – Overtime Wages
*Plaintiff of behalf of himself and similarly situated employees*

31.    Plaintiff incorporates and re-alleges paragraphs 1 through 30 as though set forth herein.

32.    This Count arises from Defendant's violation of the IMWL for its failure to pay Plaintiff time and a half his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 10 - 12, *supra*.

33.    Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

34.    Plaintiff was not exempt from the overtime provisions of the IMWL.

35.    Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

36.    Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37.    Defendant likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all compensable time in excess of forty (40) hours in individual work weeks.

38.    Defendant did not pay other persons similarly situated the overtime wages for all compensable time in excess of forty (40) hours worked in individual work weeks.

39.    Defendant's failure to pay Plaintiff and other persons similarly situated overtime wages for all compensable time in individual work weeks was a violation of the IMWL.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

41. The Class that Plaintiff seeks to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendant as drivers in Illinois from June 16, 2013 and up through the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### (Violation of the Illinois Wage Payment and Collection Act – Unauthorized Deductions)
*Plaintiff of behalf of himself and similarly situated employees*

Plaintiff incorporates and realleges paragraphs 1 through 41 as though set forth herein.

42. This Count arises from Defendant's violation of the IWPCA for its policy of making deductions for miscellaneous charges without the written consent of the Plaintiff and similarly situated employees at the time of the deduction.

43. Plaintiff had an agreement with the Defendant, as that term is defined by the IWPCA, as more fully described in paragraphs 13 – 18, *supra*.

44. The deductions made from the wages of Plaintiff and the proposed class, discussed in paragraphs 13 to 15, *supra* violated the IWPCA in that they were not

    (a) required by law;

    (b) to the benefit of the employee;

    (c) in response to a valid wage assignment or wage deduction order; or

    (d) made with the express written consent of the employee, given freely at the time the deduction is made.

45. The Class that Plaintiff seeks to represent in regard to the unlawful deductions claim arising under the IWPCA is composed of and defined as: All persons employed in Illinois by Defendant as a driver since June 16, 2006 up through and including the date of filing of this action that had deductions made from their wages for charges other than those required by law or in response to a valid wage assignment or wage deduction order.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the monetary equivalent of all charges unlawfully deducted from Plaintiff and other similarly situated employees' wages;

C. Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 115/14;

D. That the Court enjoin Defendant from violating the IWPCA in the future through its policy of taking unauthorized deductions;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Wage Payment and Collection Act
*Plaintiff on behalf of himself*

9

Plaintiff incorporates and re-alleges paragraphs 1 through 45 of this Complaint, as though set forth herein.

46. This Count arises from Defendant's violation of the IWPCA for its failure to pay Plaintiff earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraphs 16-18, *supra*.

47. During the course of his employment, Plaintiff had an agreement with Defendant to be compensated for all hours worked at the rate agreed to by the parties.

48. Defendant did not compensate Plaintiff for all hours worked at the rate agreed to by the parties.

49. Plaintiff was entitled to be paid for all time worked at the rate agreed to by the parties.

50. Defendant's failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due Plaintiff as provided by the IWPCA;

B. Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 115/14;

C. That the Court declare that Defendant violated the IWPCA;

D. That the Court enjoin Defendant from continuing to violate the IWPCA;

E. Reasonable attorneys' fees and costs as provided by the IWPCA;

F. Such other and further relief as this Court deems appropriate and just.

Dated: June 17, 2016

/s/ Alvar Ayala

Alvar Ayala (ARDC #6295810)
Christopher J. Williams (ARDC #6284262)
Neil Kelley (ARDC #6306308)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff